UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No.  4:17-cv-03405-RBH-MGB

| | |
|---|---|
| RAYMOND M. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| MARLBORO COUNTY SHERIFF'S ) | |
| OFFICE and MARLBORO COUNTY ) | |
| and CHARLES LEMON, individually ) | (JURY TRIAL DEMANDED) |
| and in his official capacity as Sheriff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action is brought to remedy reverse race discrimination in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").  This is also a civil rights action, pursuant to 42 U.S.C. §1983, 42 U.S.C. §1981.  This is also an action brought to remedy claims of Wrongful Termination in violation of Public Policy.

This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §1331 and 1343(4).  The matters in controversy also arise under the Civil Rights Act, 42 U.S.C. §1983, 42 U.S.C. §1981. This Court has supplemental jurisdiction over the state constitutional claims pursuant to 28 U.S.C. §1367.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Marlboro County Sheriff's Office is located within the District of South Carolina, Florence Division, and a

1

substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and continue to occur, within the District of South Carolina, Florence Division.

The Plaintiff would show unto this Honorable Court as follows:

1. Plaintiff is a caucasian citizen of the United States and a resident of Bennettsville, South Carolina.

2. Plaintiff is informed and believes that Defendant, Sheriff Charles B. Lemon (hereinafter "Sheriff Lemon") is an African American citizen of the United States and a resident of Bennettsville, South Carolina. In his official capacity, Defendant Lemon is the sheriff and a constitutional officer and his duties are regulated and defined by statute.

3. Plaintiff is informed and believes that Defendant, Marlboro County, is a county currently under an eight district Council/Administrator form of government operating under the laws and Constitution of the State of South Carolina and subject to federal laws and mandates such as Title VII.

4. Plaintiff is informed and believes that Defendant, Marlboro County Sheriff's Office, is a department within Marlboro County Government and is the Department that employs those persons who are under the direction of Marlboro County Sheriff who are all operating under the laws and Constitution of the State of South Carolina and subject to federal laws and mandates such as Title VII.

5. On information and belief, at all times relevant to the allegations in this complaint, the Defendants were authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing

liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

6. All Defendants are employers within the meaning of 42 U.S.C. §2000e-(b).

7. On September 29, 2017, the Equal Employment Opportunity Commission issued Plaintiff a notice informing Plaintiff of Plaintiff's right to sue regarding EEOC charge 436-2017-00731.

8. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII and filed a timely charge of reverse race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of the Notice of Right to Sue.

9. At all times referenced in the complaint, Plaintiff had been employed with Defendant, Marlboro County Sheriff's Office, as Deputy Sergeant until being demoted and then discharged in January 2017.

10. Plaintiff filed a charge of discrimination based on race, because throughout the course of employment, Plaintiff was treated differently on the basis of race in the terms, privileges and conditions of employment in ways which include but are not limited to the following:

   a. Plaintiff, a Caucasian employee, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and in January, 2017, while still sheriff elect, Lemon appeared to remove a number of Caucasian employees without cause.

b. Despite Plaintiff's clear qualifications based on experience and training and despite the absence of a significant disciplinary history for Plaintiff, Defendant Sheriff Lemon demoted Plaintiff to night shift in an effort to create adversity in Plaintiff's employment to make him quit. When that did not work, Defendant Lemon discharged Plaintiff after Plaintiff worked over 6 hours when he was not supposed to.

c. Plaintiff was replaced by a lesser qualified African American male; and Plaintiff believes a number of employees were told or heard the Sheriff state that he "hires blacks, not whites".

d. Defendants engaged in, condoned or failed to correct an obvious pattern of the newly elected sheriff to remove a number of caucasian employees and/or employees who appeared to support sheriff's opponent in the election. Many positions vacated were filled by less qualified African Americans.

e. Defendants were aware of or should have been on notice of the sheriff's conduct which violated state and federal laws; and no action was taken to stop the sheriff's conduct.

f. No legitimate business reason or no reason at all was given for the termination of Plaintiff or any Caucasian employee similarly situated.

g. Any attempt to grieve the conduct of the sheriff were stifled by Defendants' position that the Sheriff had complete autonomy over employees.

11. On various dates and occasions described above, Plaintiff was treated and terminated in an unfair, unequal, harassing and threatening way which segregated Plaintiff and adversely affected Plaintiff's status as an employee, because of Plaintiff's race. Similarly situated African American employees did not receive this treatment.

12. During the course of employment, Plaintiff has observed and is informed about Defendants, through the unequal treatment in the terms conditions and privileges of employment, engaging in a pattern and practice of discrimination on the basis of race against Plaintiff and other employees.

13. In January, 2017, while still sheriff elect, Defendant Lemon appeared to remove a number of Caucasian employees who may have supported or who he believed to have supported his political opponent in the 2016 election.

14. As a result of the above referenced acts within Defendants' employment practices and work environment, Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

15. Defendants' acts of discrimination within Defendants' employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

16. Defendants' facially neutral policies and procedures were applied in a discriminatory and politically retaliatory manner and in a manner which had a disparate impact on Plaintiff and other Caucasian employees similarly situated.

## COUNT I
## (TITLE VII VIOLATION)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-16 of this Complaint with the same force and effect as if set forth herein.

18. Plaintiff, a Caucasian employee, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and in January, 2017, while still sheriff elect, Lemon, an African American, terminated a number of Caucasian employees without cause; and replaced Plaintiff and others similarly situated with less qualified employees and/or of a different race.

19. The foregoing actions of Defendants discriminated against Plaintiff because of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

20. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein. Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

## COUNT II
## (VIOLATION OF 42 U.S.C. §1981)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-20 of this Complaint with the same force and effect as if set forth herein.

22. The foregoing condoned actions of removing caucasian employees and/or employees who supported Defendant Sheriff's political opponent, were in

violation of 42 U.S.C. §1981, as the acts constituted intentional discrimination on the basis of race with respect to the enjoyment of all benefits, privileges, terms and conditions of the employment relationship between Plaintiff, a public employee, and the Sheriff's Office of Marlboro County.

23. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein. Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

## COUNT III
### (VIOLATION of 42 U.S.C. §1983)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-23 of this Complaint with the same force and effect as if set forth herein.

25. The foregoing condoned actions of Defendants or condoned by Defendants, shock the conscience and were arbitrary, egregious and violated the Plaintiff as Plaintiff was deprived of due process rights with respect to termination and grievance; and Plaintiff was deprived of first amendment rights of free speech and freedom of association within political activities all in violation of 42 U.S.C. §1983.

26. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein. Plaintiff has suffered loss of employment position, loss of pay,

compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

## COUNT IV
## (WRONGFUL TERMINATION)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-26 of this Complaint with the same force and effect as if set forth herein.

28. Plaintiff is a public employee who has the freedom to engage in political activity, choose political associations and to engage in free political speech without the fear of reprisal from an employer.

29. Defendants condoned or engaged in Defendant Sheriff's acts of removing employees believed to support or be engaged in the election efforts of Defendant Sheriff's political opponent.

30. The foregoing condoned acts of Defendants constitute wrongful termination in violation of public policy against hindering the constitutional rights of public employees. It is a "crime against public policy" to fire any person because of that person's political beliefs. S.C. Code Ann. § 16-17-560.

31. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein. Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.  Award Plaintiff, under Title VII, 42 U.S.C. §1981, and 42 U.S.C. §1983 reinstatement, back pay and other compensatory and punitive damages in an amount to be determined by a jury, as well as damages for allowable state claims;

B.  Award Plaintiff, under 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988, reasonable attorney fees and costs of this action; and,

C.  Award Plaintiff such other and further relief as this Court deems just and proper.

                                                            WUKELA LAW FIRM

                                                          By:   s/  Pheobe A. Clark
                                                                **Pheobe A. Clark**
                                                                Federal ID No.  9888
                                                               Post Office Box 13057
                                                               Florence, SC   29504-3057
                                                               Phone: (843) 669-5634
December 18, 2017                                   Fax:   (843) 669-5150