IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Raymond M. Hall, | C/A No. 4:17-cv-03405-SAL |
| Plaintiff, | |
| v. | |
| | **OPINION & ORDER** |
| Marlboro County Sheriff's Office; Marlboro County; Charles Lemon, Individually and in his official capacity as Sheriff, | |
| Defendants. | |

This matter is before the court for review of the October 30, 2019 Report and Recommendation of United States Magistrate Mary Gordon Baker (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). For the reasons outlined herein, the court grants summary judgment in favor of the Defendants.

**BACKGROUND**

This is an employment discrimination case brought by Plaintiff Raymond M. Hall ("Plaintiff"), a Caucasian, against Marlboro County Sheriff's Office, Marlboro County, and Charles Lemon, an African American, individually and in his official capacity as Sheriff (together "Defendants"). Plaintiff filed his complaint on December 18, 2017, alleging claims for reverse race discrimination, violation of his First Amendment rights, and wrongful termination. [ECF No. 1.] All of Plaintiff's claims relate to Defendant Lemon's decision not to reappoint Plaintiff to his position as deputy sheriff following the election of Defendant Lemon as Sheriff of Marlboro County.[1]

---

[1] Fred Knight, a Caucasian, preceded Defendant Lemon as Sheriff.

1

On March 26, 2019, Defendants filed a motion for summary judgment on all claims. [ECF No. 32.] Plaintiff filed a response and additional attachments, and Defendants submitted their reply. [ECF Nos. 33, 34, 35.]

On October 30, 2019, the Magistrate Judge issued the Report that is the subject of this order. In the Report, the Magistrate Judge outlines the relevant facts and recommends that the court grant Defendants' motion for summary judgment in its entirety. [ECF No. 36.] Attached to the Report is the notice of right to file objections. *Id.* On November 13, 2019, Plaintiff filed objections to the Report, and on December 6, 2019, Defendants replied. [ECF Nos. 37, 40.] Accordingly, the matter is ripe for this court's review.

The Report sets forth, in detail, the relevant facts and standards of law on this matter. Neither Plaintiff nor Defendants object to the Report's recitation of the facts and, accordingly, this court incorporates those facts without another recitation.

## STANDARDS OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Further, summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

**DISCUSSION**

Plaintiff objects to "some" of the recommendations, arguing the findings weigh the evidence and making findings of fact. [ECF No. 37 at p.3.] As outlined herein, the court disagrees. The specific objections are addressed below.

**I. Reverse Race Discrimination—Title VII and Section 1981.**

Plaintiff objects to the Report's recommendation on the Title VII and Section 1981 claims on three bases: (1) the Report applies a heightened standard not yet expressly recognized by the Fourth Circuit Court of Appeals; (2) the Report weighs the evidence and makes credibility determinations; and (3) the Report incorrectly finds that there is no evidence to support a finding that Defendant Lemon's decision not to recommission was based on race.

Title VII makes it unlawful for an employer to discriminate against an individual with respect to his "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). To succeed on a Title VII race discrimination claim, the plaintiff must have proof of intentional discrimination by direct evidence <u>or</u> satisfy the three-part test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005). Here, Plaintiff did not present at summary judgment—and does not now—any evidence of direct evidence of discrimination, leaving only the *McDonnell Douglas* framework for consideration.

*McDonnell Douglas* is a burden-shifting analysis. 411 U.S. at 802–05. The plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. If the plaintiff establishes a *prima facie* case of discrimination, a rebuttable presumption arises that the defendant unlawfully

---

[2] All parties agree that the "[t]he required elements of a *prima facie* case of employment discrimination are the same under Title VII and Section 1981." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.7 (4th Cir. 2002).

discriminated against the plaintiff. Once the presumption is established, the burden of production shifts to the defendant to show a legitimate, non-discriminatory reason for its actions. If the defendant shows a legitimate, non-discriminatory reason for its actions, the burden then shifts back to the plaintiff to come forward with evidence that the defendant's asserted reasons for its actions are mere pretext for its true discriminatory motives and that the actions of the defendant were really based on race. *See Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719 (D.S.C. 2014). This framework allows a plaintiff without direct evidence of discrimination to prove causation—"[i]f a plaintiff can show that [he] was fired under suspicious circumstances and that [his] employer lied about its reasoning for firing [him], the factfinder may infer that the employer's undisclosed [] animus was the actual cause of [his] termination." *Foster v. University of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)).

Plaintiff's first objection focuses on the Report's analysis of the first prong of the *McDonnell Douglas* framework. As the Report correctly notes, in order to establish a prima facie case of race discrimination and shift the burden of production to Defendants, Plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances." *Bryant*, 288 F.3d at 486. Further, as recognized in the Report, some courts apply a more onerous initial burden[3] on the plaintiff to establish a prima facie case when the claim is one for reverse race discrimination. [ECF No. 36 at

---

[3] The heightened prima facie standard requires a plaintiff to "establish background circumstances which support the suspicion that [the defendant] is among those unusual employers who discriminate against the majority." *Youmans v. Manna, Inc.*, 33 F. Supp. 2d 462, 464 (D.S.C. 1998).

5

pp.10–11.] Plaintiff objects that he "should not be held to that standard here" given that the more onerous prima facie burden has not been formally adopted by the Fourth Circuit Court of Appeals. [ECF No. 37 at p.5.] Plaintiff's objection misses the mark, however.

The Report, while noting that some courts—including courts in this district—apply a more onerous prima facie burden on a plaintiff in a reverse race discrimination case, does not apply that heightened burden in reaching its primary conclusion. It does not have to, deciding the issue instead on the lack of evidence to support the third requirement—that Plaintiff was "discharged" or "terminated." The Report "[a]ssum[es] for purposes of summary judgment that Plaintiff has satisfied the first two elements of his prima facie case." [ECF No. 36 at p.11.] "As a threshold matter,"[4] the Report finds that Plaintiff cannot establish that he was "discharged" or "terminated." *Id.* Pursuant to South Carolina statute, the sheriff appoints deputy sheriffs who serve at "his pleasure." S.C. Code Ann. § 23-13-10. Reappointment is not automatic. In this case, the undisputed evidence establishes that Plaintiff's appointment as deputy sheriff under Sheriff Knight lapsed upon the election and appointment of Defendant Lemon as sheriff. Thus, as a matter of law, Plaintiff cannot show that he was "discharged" or "terminated" from his position as deputy sheriff. Because Plaintiff cannot establish the third element of his *prima facie* case, summary judgment in favor of Defendants is proper.

Moreover, the Report gives Plaintiff a second opportunity to survive summary judgment by assuming for argument that Plaintiff could establish the third requirement and thereby establish a *prima facie* case of discrimination. Applying this assumption, the Report shifts the burden of

---

[4] As set forth below, the court decides this case on the lack of evidence of pretext, but it does not find any error in the Report's application of and additional findings under the heightened burden. As recognized by Plaintiff, the Fourth Circuit has not held that a heightened *prima facie* burden should not apply in reverse race discrimination cases. Given this district's consideration of the heightened burden in similar cases, the court finds that the analysis is proper.

production to Defendants to show legitimate, non-discriminatory reasons for the action. [ECF No. 36 at pp.15–16.] After carefully considering the evidence presented at summary judgment, the Report, as well as this court, concludes that there is undisputed evidence of multiple legitimate, non-discriminatory bases for Sheriff Lemon's decision to appointment someone other than Plaintiff as deputy sheriff. The undisputed bases include (1) the interactions between Plaintiff and Defendant Lemon over the 12 years they worked together under Sheriff Knight's administration, leading Defendant Lemon to conclude Plaintiff's "personality" and "attitude" did not fit within his administration and (2) Defendant Lemon's belief that Plaintiff was not loyal to him. *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 279 (4th Cir. 2000) (noting it is not it is not the court's "province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason"). With these findings, the burden of production shifts back to Plaintiff to present some evidence of pretext.

The Report finds that "Plaintiff does not present a discernable pretext argument in response to the legitimate, nondiscriminatory reasons proffered by Defendants." [ECF No. 36 at p.16.] Plaintiff does not object to the Report's findings on this additional layer of analysis and, therefore, this court must conclude that Plaintiff agrees with the Report on this point. *See Greene v. Quest Diagnostics Clinical Labs., Inc*., 455 F. Supp. 2d 483, 488 (D.S.C. 2006). For this reason alone, the court could grant summary judgment in favor of Defendants on the Title VII and Section 1981 claims.

Plaintiff's second objection works in conjunction with the first. Plaintiff objects to the Report's conclusion that he was not "terminated" from his employment as deputy sheriff. According to Plaintiff, the Report improperly "weigh[s] the evidence and determine[s] as a matter of fact that an adverse employment action did not occur." [ECF No. 37 at p.5.] The court disagrees. Once

7

the moving parties, Defendants, came forward with evidence to support their argument that Plaintiff's employment reached its naturally predetermined end, *i.e.*, Plaintiff's own testimony on that point combined with the applicable South Carolina statute, the burden shifted to Plaintiff to come forward with evidence to create a "genuine dispute" for trial. That means Plaintiff has to set forth a "genuine dispute" that he was "discharged" or "terminated"—"evidence [that] would allow a reasonable jury to return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Having reviewed the evidence in the record, the court concludes that no reasonable juror could conclude that Plaintiff suffered from an adverse employment action when his term as deputy sheriff statutorily lapsed. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or *to discharge* any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." (emphasis added)). *See, e.g., Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."); *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 266 (4th Cir. 2001) (outlining "[e]xamples of tangible employment action [to] include 'discharge, demotion, or undesirable reassignment'") (citation omitted); *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 328 (4th Cir. 2018) (finding "patently obvious and undisputed that termination is a materially adverse action").[5] Stated simply, the lapse

---

[5] The court also rejects Plaintiff's blanket contention that the Report fails to consider "failure to hire cases as well as wrongful discharge cases." [ECF No. 37 at p.5.] "It is well established that 'the plaintiff is the master of his complaint.'" *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (citing *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). Plaintiff's Complaint does not set forth any allegations to support a claim for "failure to hire."

8

in position occurred without any action by the Defendants. Plaintiff's testimony supports this conclusion. To continue in the position, the new sheriff would have to reappoint him. Here, there is no evidence that Plaintiff was ever promised or guaranteed reappointment. Without evidence of termination or discharge, Plaintiff cannot satisfy the third element of his *prima facie* case.

Plaintiff's final objection, which does not alter this court's conclusion, is a general one: His belief that "enough evidence exists to be presented to a trier of fact to determine the weight of such evidence." The court disagrees. Even if a genuine dispute exists over whether or not Plaintiff was terminated from the position as deputy sheriff, and the court does not believe there is, the fact remains that Plaintiff has neither presented evidence of pretext, nor disputed the Report's analysis of the issue. To survive summary judgment, Plaintiff must come forward with evidence that the defendant's asserted reasons for its actions are mere pretext for its true discriminatory motives and that the actions of the defendant were really based on race. All of the purported examples provided by Plaintiff misstate the evidence in the record. Thus, the record remains devoid of such evidence.

Ultimately, this court's "disposition of this case is, at bottom, mindful of the Supreme Court's instruction that the 'ultimate question' in any discrimination case is the existence of 'discrimination *vel non*.'" *Laing v. Federal Express Corp.*, 703 F.3d 713, 722 (4th Cir. 2013) (citing *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 (1983)). As the Fourth Circuit cautions, this court should "resist the temptation to become so entwined in the intricacies of the proof scheme that [it] forget[s] that the scheme exists solely to facilitate determination' of

---

[*See* ECF No. 1, Compl.] Moreover, this court is not inclined to allow Plaintiff to change course and assert an entirely new theory of recovery after the completion of discovery, dispositive motions practice, and a recommendation on summary judgment. *See, e.g., Harris v. Reston Hosp. Ctr.*, LLC, 523 F. App'x 938, 946 (4th Cir. 2013) (affirming district court's refusal to consider new argument raised at summary judgment because considering the late theory "undermines the complaint's purpose and can thus unfairly prejudice the defendant").

that ultimate question." *Id.* (citing *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991)). In this case, Plaintiff's appointment as deputy sheriff unquestionably lapsed as a matter of course. And there is considerable, undisputed evidence in the record that Defendant Lemon's decision to appointment someone other than Plaintiff as deputy sheriff was his right as the newly-elected sheriff and that decision was based on his experience working with the Plaintiff over the course of many years. Plaintiff failed to adduce evidence of pretext. This court finds that Plaintiff failed to establish a genuine triable issue to survive summary judgment.

**II. Section 1983 and Wrongful Termination.**

Plaintiff's objections to the Report's findings on the Section 1983 and wrongful termination causes of action are not specific. As to the Section 1983 claim, Plaintiff merely seeks to "repeat[] and reallege[] the arguments advanced in the opposition to motion for summary judgment." [ECF No. 37 at p.9.] The objection fails to identify any specific portion of the Report's analysis to which Plaintiff assigns error. The wrongful termination objection suffers from the same fatal flaw. *Id.* at p.9.] The Report thoroughly assesses both parties' positions on summary judgment in analyzing these claims—devoting more than 20 pages to the analysis. [ECF No. 36.]

A specific objection to the Magistrate's Report requires more than a reassertion of arguments. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—

for *clear error.*" *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff has failed to make a specific objection to the Report's findings related to Section 1983 and wrongful termination, Plaintiff's general objection to the Report requires no further review, and the Defendants' motion for summary judgment is granted as to both claims.

## III. Immunity.

In addition to recommending this court grant summary judgment on the Section 1983 claims, the Report also recommends dismissal of the claims under the doctrines of qualified and Eleventh Amendment immunity. Plaintiff sets forth two objections: (1) that the Report "fails to consider the actions of the Sheriff before he was appointed" and (2) it "fails to consider the liability for his actions that were beyond his job duties." [ECF No. 34 at p.9.] Both objections relate to the Report's finding that Defendants were entitled to Eleventh Amendment immunity on the Section 1983 claims.[6] The objections fail for the same reason: The Report does not make a finding that Defendant Lemon is entitled to Eleventh Amendment immunity in his individual capacity. [*See* ECF No. 36 at p.32 ("[A]s Sheriff of Marlboro County, Lemon is considered an 'arm of the State' and immune from suit in his official capacity.").]

## CONCLUSION

After considering the record in this case, the applicable law, the Report, Plaintiff's objections, and Defendants' response, the court finds that the Report applied sound legal principles to this case. The court, therefore, **ADOPTS** the Report and incorporates it herein by reference. Accordingly, Defendants' motion for summary judgment [ECF No. 32] is **GRANTED**.

---

[6] As noted by Defendants, Plaintiff does not object to the Report's finding that Sheriff Lemon, in his individual capacity, was entitled to qualified immunity.

**IT IS SO ORDERED.**

                                          /s/ Sherri A. Lydon
                                        United States District Judge

April 1, 2020
Florence, South Carolina